** PROCEDURAL DUE PROCESS A BASIC PRINCIPLE OF DUE PROCESS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION IS THAT A DEPRIVATION OF LIFE, LIBERTY, OR PROPERTY BE PRECEDED BY NOTICE AND OPPORTUNITY FOR HEARING APPROPRIATE TO THE NATURE OF THE CASE. MULLANE V. CENTRAL HANOVER BANK AND TRUST COMPANY, 339 U.S. 306,313, 70 S.CT. 652, 656-57, 94 L.ED. 865 (1950). THE DUE PROCESS CLAUSE, HOWEVER, DOES NOT REQUIRE A HEARING IN EVERY CASE OF IMPAIRMENT OF PRIVATE INTEREST. CAFETERIA WORKERS V. MCELRO, 367 U.S. 886, 81 S.CT 1743, 6 L.ED 2D 1230 (1961). RATHER, THE DEPRIVATION OF PROPERTY MUST BE AS A RESULT OF STATE ACTION TO EVOKE DUE PROCESS PROTECTIONS. LIKEWISE, THE STATE CONSTITUTION REQUIRES DUE PROCESS PROTECTIONS ONLY UPON DEPRIVATION BY THE STATE. HELFINSTINE V. MARTIN, 561 P.2D 951, 958 (OKLA. 1977). EVEN THOUGH THE ENACTMENT OF THE STATUTE IS STATE ACTION, THE ULTIMATE INQUIRY IN A 14TH AMENDMENT CASE IS WHETHER THAT ACTION CONSTITUTES A DENIAL OR DEPRIVATION BY THE STATE OF RIGHTS THAT THE AMENDMENT PROTECTS. SEE FLAAA BROTHERS. INC. V. BROOKS, 436 U.S. 149,156, N.4; 98 S.CT 1729, 56 L. ED. 2D 185, 193 (1978). FOR THE PURPOSE OF YOUR QUESTION ONLY, WE HAVE ASSUMED THAT THE LANDLORD IS A PRIVATE PARTY. IS IT SUFFICIENT STATE ACTION TO ENTITLE A TENANT TO DUE PROCESS PROTECTIONS IF A PRIVATE LANDLORD KEEPS A DEPOSIT ACCORDING TO THE STATUTORY SCHEME? THE ANSWER IS NOT OBVIOUS BECAUSE THE SUPREME COURT HAS NOT ANNOUNCED A "TEST" FOR STATE ACTION IN PRIVATE MATTERS. INSTEAD, THE COURT HAS STATED THAT THE PRESENCE OF STATE ACTION CAN ONLY BE DETERMINED ON A CASE-BY-CASE BASIS. BURTON V. WILMINQTON PARKING AUTHORITY, 365 U.S. 715,722 (1961) (ONLY BY SHIFTING FACTS AND WEIGHING CIRCUMSTANCES CAN THE NONOBVIOUS INVOLVEMENT OF THE STATE IN PRIVATE CONDUCT BE ATTRIBUTED ITS TRUE SIGNIFICANCE.) THEREFORE, A REVIEW OF THE STATE ACTION CASES WILL BE USEFUL. THE COURT HAS FOUND STATE ACTION WHEN THE STATE COMPELLED THE ACT, ADI CKES V. S.H. KRESS AND CO., 398 U.S. 144, 170,90 S.CT. 1598, 26 L.ED. 2D 142 (1970) (STATE ENFORCED CUSTOM OF SEGREGATING RACES IN PUBLIC RESTAURANTS IS SUFFICIENT TO SHOW STATE ACTION,) OR PARTICIPATED JOINTLY WITH THE PRIVATE PARTY, TO THE EXTENT THAT THE PRIVATE PARTY'S ACTION WAS CHARGEABLE TO THE STATE. LOMBARD V. LOUISIANA, 373 U.S. 267,83 S.CT. 1122, 10 L.ED 2D 338 (1963), ("SIT-IN" DEMONSTRATORS WERE ARRESTED FOR CRIMINAL TRESPASS AFTER THE MAYOR OF THE CITY ISSUED A PROCLAMATION THAT NO MORE SIT-INS WOULD BE ALLOWED AND DIRECTED THE POLICE TO ARREST PROTESTERS,) LUQAR V. EDMONDSON OIL COMPANY, INC.. ET AL., 457 U.S. 922,932,102 S.CT 2744, 73 L.ED. 2D 482, 492 (1982) (SHERIFF PARTICIPATED BY EXECUTING ON THE ATTACHMENT WRIT IN THE STATUTORILY AUTHORIZED PREJUDGMENT GARNISHMENT AND ATTACHMENT ACTIONS). SEE ALSO SNIADACH V. FAMILY FINANCE CORP., 395 U.S. 337,89 S.CT. 1820, 23 L.ED 2D 349 (1969). ON THE OTHER HAND, THE COURT HAS NOT FOUND STATE ACTION IF THE PRIVATE CONCERN IS MERELY REGULATED BY THE STATE, JACKSON V. METROPOLITAN EDISON CO., 419 U.S. 345 (1974) (ALTHOUGH THE UTILITY WAS HIGHLY REGULATED, THE STATE DID NOT ORDER THE CHALLENGED PRACTICE); MOOSE LODGE V. IRVIS, 407 U.S. 163 (1972) (RACIAL DISCRIMINATION WAS NOT ATTRIBUTABLE TO THE STATE EVEN THOUGH THE LODGE HAD A LIQUOR LICENSE); GILMORE V. SALT LAKE COMMUNITY ACTION PROGRAM, 710 F.2D 631 (10TH CIR. 1983) (FEDERAL FUNDING AND REGULATION OF THE PROGRAM ARE INSUFFICIENT TO ESTABLISH STATE ACTION) OR IF THE STATUTE MERELY SETS OUT A PROCEDURE GIVING PRIVATE PARTIES A DISPUTE RESOLUTION MECHANISM. FLAGG V. BROOKS, 436 U.S. 149,98 S.CT. 1729, 56 L.ED.2D 185 (1978), (THE COURT CONSIDERED A PROVISION OF NEW YORK'S UNIFORM COMMERCIAL CODE WHICH ALLOWED A WAREHOUSEMAN TO ENFORCE A LIEN BY SELLING A DEBTOR'S PROPERTY. IN A FOOTNOTE, THE COURT DISTINGUISHED THE SNIADACH LINE OF CASES BY SHOWING THAT THE GOVERNMENT DIRECTLY PARTICIPATED IN THE DEPRIVATION IN THOSE CASES, BUT HAD NO SUCH INVOLVEMENT IN THE FLAGG SITUATION. 436 U.S. 161, N. 10.) A 1982 CASE, TEXACO V. SHORT, 4S4 U.S. 516,102 S.CT. 781, 70 L.ED 2D 738 (1988) IS USEFUL TO OUR ANALYSIS. IN SHORT, THE COURT CONSIDERED WHETHER AN INDIANA STATUTE WHICH ALLOWED INTEREST IN MINERAL RIGHTS TO LAPSE AFTER 20 YEARS IF THE OWNER DID NOT TAKE CERTAIN STEPS OUTLINED IN THE STATUTE. THE COURT FOUND THAT THE OWNERS "ARE PRESUMED TO HAVE KNOWN THAT AN UNUSED MINERAL INTEREST WOULD LAPSE UNLESS THEY FILED A STATEMENT OF CLAIM." 454 U.S. AT 533. THE COURT DISTINGUISHED THE SELF-EXECUTING LAPSE, WHICH DID NOT REQUIRE NOTICE, AND A LATER JUDICIAL DETERMINATION THAT THE LAPSE OCCURRED, WHICH DOES REQUIRE NOTICE. FURTHER, THE COURT ANALOGIZED THE SELF-EXECUTING FEATURE OF THE STATUTE TO THE SELF EXECUTING STATUTES OF LIMITATION. DUE PROCESS, THE COURT SAID, DOES NOT REQUIRE THAT NOTICE BE GIVEN BEFORE THE LIMITATION OF A CAUSE OF ACTION OR BEFORE THE LAPSE OF A MINERAL INTEREST. COMPARE TULSA PROFESSIONAL COLLECTION SERVICES V. PO PE, 108 S.CT. 1340, 485 U.S. 478, 99 L.ED. 2D 565 (1988) IN WHICH THE COURT FOUND A PROVISION OF THE OKLAHOMA PROBATE LAW CONSTITUTIONALLY DEFECTIVE BECAUSE THE STATUTE ALLOWED PUBLICATION NOTICE EVEN IF THE CREDITOR'S ADDRESS WAS KNOWN. THE COURT DISTINGUISHED SHORT BECAUSE OF THE INVOLVEMENT OF THE PROBATE COURT AND SAID, WHERE THE LEGAL PROCEEDINGS THEMSELVES TRIGGER THE TIME BAR, EVEN IF THOSE PROCEEDINGS DO NOT NECESSARILY RESOLVE THE CLAIM ON ITS MERITS, THE TIME BAR LACKS THE SELFEXECUTING FEATURE THAT SHORT INDICATED WAS NECESSARY TO REMOVE ANY DUE PROCESS PROBLEM. AT 1346. FURTHERMORE, MANY STATE COURTS HAVE UPHELD THE CONSTITUTIONALITY O F THE SELF-HELP REPOSSESSION PROVISION OF THE UNIFORM COMMERCIAL CODE BECAUSE THE STATE HAS NO HAND IN THE ACT OF REPOSSESSION. SEE HELFINSTINE V. MARTIN, 561 P.2D 951 (OKLA. 1977). BASED UPON THESE CASES, WE ARE UNABL E TO SAY THAT THE STATUTE IS CONSTITUTIONALLY DEFECTIVE FOR FAILURE TO PROVIDE PROCEDURAL DUE PROCESS PROTECTIONS. SECTION 115(B) PROVIDES THAT THE LANDLORD MAY KEEP A DEPOSIT OF A TENANT IF THE TENANT DOES NOT REQUEST IT IN WRITING. THE ACT DOES NOT COMPEL THE LANDLORD TO OBTAIN A DEPOSIT FROM A TENANT. DEPOSITS ARE STILL A MATTER FOR NEGOTIATION BETWEEN THE PARTIES. ONE WHO ARGUES AGAINST THE CONSTITUTIONALITY OF THE ACT MAY BE ABL E TO OVERCOME THE PRESUMPTION OF CONSTITUTIONALITY BASED ON DIFFERENT FACTS. HOWEVER, ANY FURTHER INQUIRY HERE IS BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION. IT IS, THEREFORE, MY INFORMAL OPINION THAT 41 O.S. 115(B) OF THE OKLAHOMA RESIDENTIAL LANDLORD AND TENANT ACT, DOES NOT VIOLATE SUBSTANTIVE DUE PROCESS RIGHTS GRANTED BY THE OKLAHOMA AND UNITED STATES CONSTITUTIONS, IN THAT THE LEGISLATURE DID NOT ACT IN AN ARBITRARY AND IRRATIONAL WAY. FURTHER, ASSUMING NO ACTION BY THE STATE OTHER THAN THE ENACTMENT OF THE STATUTE, 41 O.S. 115(B) DOES NOT VIOLATE PROCEDURAL DUE PROCESS BECAUSE NO STATE ACTION EXISTS.
(JANE F. WHEELER)